UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RENEE FEREBEE,

    Plaintiff,

v.

RETINA GROUP OF WASHINGTON,

    Defendant.

Civil Action No. 16-1916 (KBJ)

## MEMORANDUM OPINION

This matter is before the Court on Defendant Retina Group of Washington's Motion for Summary Judgment, ECF No. 9. For the reasons discussed below, the Court denies summary judgment and dismisses this matter for lack of subject matter jurisdiction.

Plaintiff Renee Ferebee "was told by two optometrist[s] that she needed to see a specialist" because one of the optometrists "noticed blood in plaintiff's eyes[.]" Compl. at 1. In October 2015, Plaintiff allegedly underwent an eye examination at the Retina Group of Washington, *see generally id.* at 1-2, "a large retinal and macular practice with offices in Washington, DC, Virginia and Maryland[,]" Def. Reina Group of Washington's Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J., Ex. A (Neal Decl.) ¶ 3. Plaintiff's vision subsequently worsened, *see generally* Compl. at 1-2, and she

1

brings this medical malpractice action against Retina Group, *id.* at 1.[1] She "is seeking five hundred million dollars, in negli[g]ence, wrong observation, tort [and] punitive damages." *Id.* at 2.

Under District of Columbia law, a plaintiff must notify the intended defendant to a medical malpractice action at least 90 days before she files her lawsuit:

> (a) *Any person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action.* Notice may be given by service on an intended defendant at his or her last known address registered with the appropriate licensing authority. Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.
>
> (b) The notice required in subsection (a) of this section shall include sufficient information to put the defendant on notice of the legal basis for the claim and the type and extent of the loss sustained, including information regarding the injuries suffered Nothing herein shall preclude the person giving notice from adding additional theories of liability based upon information obtained in court-conducted discovery or adding injuries or loss which become known at a later time.
>
> (c) *A legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied.*

D.C. Code § 16-2802 (emphasis added).[2]

---

[1] Plaintiff names "Dr. Bruce Goodman O.D." as a defendant to this action. *See* Compl. at 1 (caption). Retina Group explains that "Bruce Goodman, DO, is not and never has been, an agent or employee of The Retina Group of Washington." Def.'s Reply, Neal Decl. ¶ 5. This civil action proceeds against a single defendant, Retina Group.

[2] Plaintiff appears to be a citizen of Maryland who is using a post office box in Temple Hills, Maryland, as her mailing address. The Court finds that diversity jurisdiction is established, and that "D.C. Code § 16-2802 is applicable to actions filed pursuant to the diversity jurisdiction of federal courts." *Carmichael v. West*, 880 F. Supp. 2d 28, 33 (D.D.C. 2012).

Retina Group "did not learn of [this] litigation until it was served with the Complaint on or about November 17, 2016." Mem. of P. & A. in Support of Def.'s Mot. for Summ. J., ECF No. 9 at 5. "At no time did . . . Plaintiff serve . . . Retina Group . . . with a 90-day Notice of Intent to Sue." *Id.*

Plaintiff makes no mention of the 90-day Notice in her Complaint. In her opposition to Retina Group's motion, she claims to have "met all requirements in doing her lawsuit in a timely manner, court was given all information, and it was up to the court to hand out plaintiff's arguments to the opposing party." Filing Opposing Mot. Against Def.'s Summ. J., ECF No. 11 at 2 (page numbers designated by ECF). Plaintiff appears to be under the impression that the court must notify a health care provider of potential litigation. She is mistaken. Plaintiff is the "person who intend[ed] to file an action . . . alleging medical malpractice," and she is obligated to notify "the intended defendant of . . . her action not less than 90 days prior to filing the action." D.C. Code § 2802(a).

Plaintiff neither alleges that she has complied with the mandatory 90-day notice requirement nor has made a showing of a good faith effort to persuade the court that her failure to give notice within the time prescribed should be excused. In these circumstances, the Court is deprived of subject matter jurisdiction over this medical malpractice case. *See Ghee v. Howard Univ. Hosp., Inc.*, 879 F. Supp. 2d 96, 97 (D.D.C. 2012); *Coleman v. Wash. Hosp. Center Corp.*, 734 F. Supp.2 d 58, 62 (D.D.C. 2010); *Lacek v. Wash. Hosp. Ctr. Corp.*, 978 A.2d 1194 (D.C. 2009) (affirming dismissal for lack of subject matter jurisdiction where Plaintiff filed a medical

malpractice action four days before notifying hospital of her intent to sue). Therefore, the court will dismiss this action without prejudice.

An Order is issued separately.

DATE: August 3, 2017

KETANJI BROWN JACKSON
United States District Judge